1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNY STEWARD,                          No. 2:18−CV−01227 KJM KJN

12                     Plaintiff,            ORDER

13         v.

14   LYNCH et al,

15                     Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, brought this civil rights action under

18   42 U.S.C. § 1983.  On September 10, 2018, plaintiff moved for a preliminary injunction, alleging

19   that defendants were planning to transfer him on an unspecified date to Kern Valley State Prison

20   ("KVSP") in retaliation for filing this civil rights action.  Pl.'s Mot. for Mandatory Inj.

21   ("Motion"), ECF No. 10 at 1.  Plaintiff sought to enjoin this reported transfer, arguing his medical

22   conditions make him particularly vulnerable to serious illness if he is exposed to the cocci virus,

23   and he will therefore suffer bodily injury or possible death if he is exposed to the virus at Kern

24   Valley State Prison. *Id.* at 2.

25         This matter was referred to a magistrate judge under Local Rule 302(c)(17).  That

26   court has not yet screened plaintiff's complaint.  However, in light of plaintiff's allegations of a

27   threat of imminent harm, on September 13, the court ordered the Attorney General's office to

28   /////

                                              1

address plaintiff's allegations concerning his medical conditions and how his health may be impacted by a transfer to Kern Valley State Prison.  Order, ECF No. 12.

On September 25, Deputy Attorney General Lucas L. Hennes responded to the court's order with a declaration stating that plaintiff had been transferred to KVSP on or before September 13.  Response, ECF No. 16.  This renders plaintiff's request for a preliminary injunction to prevent the transfer moot.  *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) ("A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks and citation omitted).

The response also stated that plaintiff was classified as a "cocci-2" inmate, which precludes him from transfer to certain California state prisons, not including KVSP.  Response at 2.  Exhibit A to the declaration is the California Department of Corrections and Rehabilitation's Classification Committee Chrono, which states that the transfer to KVSP was initiated due to the fact that plaintiff "has safety concerns in CSP Sacramento General Population and is seeking Sensitive Needs Yard (SNY) Placement."  *Id.*, Ex. A.  The exhibit also shows that plaintiff's medical history was considered when the committee made the decision to transfer plaintiff.  *Id.* (labeling plaintiff "High Risk/Cocci 2").  The committee apparently decided that, even though KVSP "is not designated for High Risk inmates . . . High Risk is a preference, not absolute criteria."  *Id.*  According to Exhibit A of plaintiff's own motion, inmates that are labeled medically "High Risk," are barred from being transferred to Pleasant Valley and Avenal State Prison, but not KSVP, due to the risk of Valley Fever.  *See* Mot., Ex. A at 9 (Prison Law Office, "Valley Fever Information for Prisoners").  Plaintiff's briefing acknowledges this fact.  *See* Pl.'s Mem. & Ex., Ex. B, ECF No. 17 at 8.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunction is DENIED as moot, without prejudice to another properly filed motion, if one can be filed at some point in the future.

DATED:  November 27, 2018.

_____
UNITED STATES DISTRICT JUDGE