1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNY STEWARD,                          No.  2:18-cv-1227 KJM KJN P

12                Plaintiff,

13        v.                                 ORDER

14   WARDEN LYNCH, et al.,

15                Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

As explained below, plaintiff's complaint is dismissed with leave to amend.

II.  Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges deprivations of his constitutional rights at three different prisons: California State Prison, Solano ("CSP-SOL"), New Folsom, and Corcoran. (ECF No. 1 at 24.)

First, plaintiff alleges that on October 16, 2016, he was physically assaulted by six officers while nursing his torn meniscus sitting on an ADA bench at CSP-SOL. Plaintiff claims defendant Leu ordered plaintiff to get up, but when plaintiff attempted to get up and fell back down on the bench in pain, Leu summoned back up officers who came and circled plaintiff; Correctional Officer ("C/O") Sanders grabbed plaintiff's arm, causing plaintiff to almost fall. Plaintiff pulled away, balancing on the bench, and turned to ask C/O Sanders not to man-handle plaintiff, and Sanders jumped on plaintiff's back, and ordered him to the ground. Because it was muddy with several puddles, plaintiff carried Sanders and C/O Wilks to the sidewalk to avoid going into the mud. There, four other officers joined in. As Sanders, Wilks, Kennedy, Hilton, Nelson, and Penrose were in the process of trying to throw plaintiff to the ground, Lt. Eck approached and told plaintiff to "just cuff-up." (ECF No. 1 at 8.) Plaintiff responded, "tell these guys to let me go and I'll cuff-up." (Id.) Lt. Eck told them to let go, and C/O Nelson put cuffs on plaintiff and he was taken to a holding cell where he was later provided his insulin injection.

Defendant Sanders claimed plaintiff struck Sanders in the face with a clenched fist, and defendant Eck sent Sanders home. Plaintiff complains that no video evidence of the incident on the yard was available, and no photographs of the alleged injuries to the guards were taken. Plaintiff alleges that defendant Leu wrote a false report, resulting in a rules violation. At the hearing on the rules violation, defendant Finnegan, the Senior Hearing Officer, refused plaintiff's witnesses, and resulted in a 15-month SHU term and the deprivation of 121 days credit.

1  Plaintiff also includes various allegations concerning his efforts to administratively appeal

2  the rules violation report, which includes an allegation that his mail was tampered with.

3  Plaintiff also alleges he was denied the right to present evidence in his defense or in

4  mitigation at a disciplinary hearing by Associate Warden Lynch.

5  Plaintiff names as defendants C/O K. Leu; C/O Sanders; Lt. E. Eck; Lt. Finnegan (New

6  Folsom); Appeals Coordinators C. Lacy and C. Cagnina; Associate Warden Lynch, and Third

7  Level Appeals Chief Voong. Although plaintiff names other correctional officers in his

8  complaint, he does not specifically identify them as defendants.

9  <u>Improper Joinder</u>

10  Plaintiff is attempting to join unrelated claims against multiple defendants in one action.

11  A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.

12  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is

13  asserted against them jointly, severally, or in the alternative with respect to or arising out of the

14  same transaction, occurrence, or series of transactions and occurrences" and "any question of law

15  or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated

16  claims against different defendants must be pursued in separate lawsuits. <u>See</u> <u>George v. Smith</u>,

17  507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a

18  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

19  required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous

20  suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.

21  § 1915(g)." <u>George</u>, 507 F.3d at 607.

22  Here, plaintiff acknowledges that he is attempting to pursue claims based on incidents that

23  occurred at three different prisons. Plaintiff is advised that he must pursue unrelated claims in

24  separate court actions. Moreover, any claim based on an incident that occurred at Corcoran is

25  properly brought in the Fresno Division of the Eastern District of California.

26  <u>Excessive Force</u>

27  "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

28  restraints on prison officials, who may not . . . use excessive physical force against prisoners."

Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury. . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

It appears that plaintiff may be able to state a potentially cognizable claim against defendant Sanders for excessive force based on plaintiff's allegation that while plaintiff was turning to put his hands behind his back, defendant Sanders jumped on plaintiff's back. Plaintiff also may be able to state potentially cognizable excessive force claims against other correctional officers. However, plaintiff is advised that he must identify every individual he intends to sue as a defendant both in the caption of his pleading, as well as in the defendants section of the pleading. Fed. R. Civ. P. 10(a). Because plaintiff named other correctional officers in the body of his complaint, but did not name them in the defendants' section or caption of his complaint, the undersigned is dismissing plaintiff's complaint but will grant him leave to amend to identify the individuals he intends to sue.

Grievances

Plaintiff raises claims concerning the cancellation or rejection of his administrative appeals or grievances. Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law

5

to process inmate grievances in any specific way.  Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response.  See, e.g., Towner v. Knowles, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Accordingly, plaintiff's claims that defendants denied, rejected, or failed to process his grievances must be dismissed.

Challenge to Rules Violation

Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into question.  Heck, 512 U.S. at 486-87.  If a plaintiff convicted of a crime seeks damages in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed."  Heck, 512 U.S. at 487.  In other words, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"  Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir.  2002) (citing Heck, 512 U.S. at 487 n.6).  This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits.  Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

However, a plaintiff may still bring § 1983 claims challenging alleged unconstitutional actions if plaintiff's success on those claims would not necessarily invalidate a criminal conviction or sentence.  See Heck, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful") (citations omitted); see also Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th

6

Cir. 2011) ("[T]he relevant question is whether success in a subsequent 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

Here, it appears that plaintiff's challenge to the rules violation that resulted in the deprivation of 121 days' credit is barred under <u>Heck</u>. Plaintiff's allegations as to a disciplinary hearing run by defendant Lynch are insufficiently clear for this court to determine whether they are also barred by <u>Heck</u>.

<u>Miscellaneous Other Alleged Violations</u>

In his complaint, plaintiff refers to the Americans with Disabilities Act ("ADA"), <u>see</u> 42 U.S.C. §§ 2101 et seq., and the Rehabilitation Act ("RA"), <u>see</u> 29 U.S.C. §§ 701 et seq. However, the complaint contains no allegations that can be liberally construed as ADA or RA claims.

In addition, plaintiff refers to sections of the California Penal Code. However, criminal statutes do not give rise to civil liability. <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044, 1048 (9th Cir. 2006).

Finally, plaintiff references "Elder Abuse," but includes no allegations that could be construed as elder abuse, and fails to identify a governing legal authority. If plaintiff refers to the Elder Abuse and Dependent Adult Civil Protection Act ("Act"), <u>see</u> Cal. Welf. & Inst. Code §§ 15600 et seq., the Act provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse. <u>See</u> Cal. Welf. & Inst. Code § 15657. Here, plaintiff fails to demonstrate the applicability of the Act. Plaintiff does not allege that he has standing to enforce the Act, <u>see</u> Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656, 15657-57.8. Plaintiff alleges that he is 61-years-old, and the CDCR inmate locator records plaintiff's current age as 62.[1] Thus, it appears that he does not yet qualify as an elder under the applicable statute. Cal. Welf. & Inst. Code § 1610.27 ("Elder" means any person residing in this state, 65 years-of-age or older.") Plaintiff's conclusory allegations fail to suggest a violation of the Act.

---

[1] https://inmatelocator.cdcr.ca.gov.

IV.  Dismiss With Leave to Amend

   For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

8

and the involvement of each defendant must be sufficiently alleged.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: December 3, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1227.14

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNY STEWARD,

          Plaintiff,

   v.

WARDEN LYNCH, et al.,

          Defendants.

No.  2:18-cv-1227 KJM KJN P

<u>NOTICE OF AMENDMENT</u>

     Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

            _____

DATED:

                       Amended Complaint

                             _____

                             Plaintiff