UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN LYNCH, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1227 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In the prior screening order, plaintiff was informed that his 24-page complaint naming 8 defendants must be dismissed because he joined, in one pleading, unrelated claims that did not all arise from the same transaction, occurrence, or series of transactions or occurrences; he was granted leave to amend. In response, plaintiff filed a 53-page amended complaint naming 26 defendants, employed at three different prisons and the Sacramento appeals office, and again alleging unrelated claims concerning excessive force, denial of medical care, unconstitutional housing in segregation, due process violations, and various state law claims. Such claims do not involve the same defendants or arise from the same transaction, occurrence, or series of transactions and occurrences. See Fed. R. Civ. P. 20(a). As discussed below, plaintiff's amended complaint is dismissed and plaintiff is granted one final opportunity in which to file a second amended complaint raising only related claims against related defendants.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Discussion

First, plaintiff's arguments that his claims are related are legally and factually unsupported. He appears to argue that all of his allegations arose from one transaction or occurrence, because if prison staff had allowed him to use the ADA bench in the yard at California State Prison, Solano ("CSP-Solano"), none of the subsequent incidents would have occurred. But that is not the legal standard. Unless unrelated claims are all raised against the

same defendants, the substance of plaintiff's claims must arise from the same incident, or series of related incidents.[1]  For example, in connection with plaintiff's excessive force claim, plaintiff may name in one action all individuals who violated his constitutional rights during such incident at CSP-Solano.  But his new claim concerning newly-named defendant Dr. Clark, who, following plaintiff's transfer to New Folsom and then Corcoran, allegedly stopped plaintiff's prescription for morphine based on prison policy and without discussing it with plaintiff, is wholly and legally unrelated to the previous use of force incident at CSP-Solano.  Similarly, allegations concerning the denial of medical care are not legally related unless such allegations involve all of the same defendants, or the complaint raising the challenged medical care only names those defendants involved with the particular challenged medical care.  In other words, the provision of medical care, standing alone, is not the legal equivalent of "arising from the same transaction, occurrence, or series of transactions and occurrences."

Second, plaintiff's claim that defendants "acted in" conspiracy or "jointly acted" is insufficient to demonstrate that all of the alleged incidents that took place at three different prisons are related such that they may be brought in one action.  Here, plaintiff attempts to connect the unrelated incidents by alleging that such defendants acted together to violate plaintiff's due process rights to equal protection. (ECF No. 26 at 6.)  However, a conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th

---

[1]  A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.  Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only if the claims against them are based on the same facts.

Cir. 1989) ). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). In other words, plaintiff cannot simply state that all of the defendants conspired to violate his constitutional rights; rather, he must allege facts demonstrating a meeting of the minds as well as a common objective of such an alleged conspiracy and such objective must rise to the level of a constitutional violation. Plaintiff's amended complaint includes no such factual allegations.

Third, plaintiff's new allegations as to newly-named defendant Dr. Chen fail to state a cognizable Eighth Amendment claim.[2] Rather, plaintiff concedes that Dr. Chen instructed plaintiff to "give your knee a chance to heal." (ECF No. 26 at 14.) That Dr. Chen took a conservative approach to plaintiff's medical care in circumstances which later demonstrated plaintiff had torn his meniscus does not rise to the level of deliberate indifference, but rather constitutes, at most, negligence or medical malpractice. Similarly, plaintiff's concession that Dr.

---

[2] While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

4

Chen "forgot" to enter in SOMS plaintiff's need to access the ADA bench constitutes, at most, negligence, not deliberate indifference. Thus, none of the claims against Dr. Chen, as currently pled, state a cognizable Eighth Amendment claim.

Fourth, as plaintiff was informed in the court's prior screening order, plaintiff may be able to state a cognizable Eighth Amendment claim based on his allegations that excessive force was used on October 16, 2016.[3] Specifically, plaintiff now alleges that defendants Evens and Knight failed to protect plaintiff from the use of excessive force.[4] (ECF No. 26 at 20, 35.) Plaintiff

---

[3] The following standards govern excessive force claims. "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury. . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

[4] With regard to plaintiff's failure to protect claims, the following standards apply. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33, (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer at 834. "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health. . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove

5

alleges that defendants Sander and Wilks attempted to body slam plaintiff to the ground, but plaintiff "carried these two officers to the sidewalk about 12' away," to avoid being brought face down into the mud. (ECF No. 26 at 20-21.) Plaintiff then states that defendants Hilton, Nelson, Penrose and Kennedy "joined them, trying to slam [plaintiff] to the ground," but plaintiff "constrained them" until defendant Eck arrived and ordered plaintiff to "just cuff up." (ECF No. 26 at 21.) The officers then released plaintiff, who offered his wrist to defendant Nelson, who then escorted plaintiff to triage. (Id.) Although plaintiff includes defendants Leu and Eck in his excessive force claim, there are no allegations that either defendant touched plaintiff, and it is clear that defendant Eck did not arrive until after the use of force. Thus, while plaintiff may be able to state a failure to protect claim against defendant Leu, it does not appear that plaintiff can state such a claim against defendant Eck. In addition, while plaintiff alleges that defendant Leu acted under the "leadership" of defendant Chambers (id. at 20), plaintiff alleges no facts demonstrating defendant Chambers was present during the October 16, 2016 incident. Thus, plaintiff cannot state an Eighth Amendment claim against Chambers based on such incident. Accordingly, plaintiff is granted leave to file a second amended complaint as to his Eighth Amendment claims against defendants Sander, Wilks, Hilton, Nelson, Penrose, Kennedy, Evens, Knight, and Leu. If plaintiff chooses to file such amended pleading, plaintiff should focus on the acts or omissions of each defendant that support each Eighth Amendment claim, applying the standards provided.

Fifth, plaintiff was previously informed that any challenge to the rules violation that resulted in the deprivation of 121 days' credit is barred under Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 19 at 6.) If plaintiff suffered due process violations during such rules violation hearing, or any subsequent hearing, plaintiff must pursue such challenges in a separate § 1983 action because such hearings involved different individuals. Because these hearings involve different individuals and the hearings do not arise from the same transaction or occurrence as the

---

knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

October 16, 2016 use of force incident,[5] any due process claims arising therefrom must be brought in a separate § 1983 action.[6]

Sixth, plaintiff's allegations concerning alleged failures to investigate are unavailing. Courts have not recognized "inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." Gomez v. Whitney, 757 F.2d 1005, 1006 (1985); see also Page v. Stanley, 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"). Absent an underlying violation of a constitutional right by named defendants, plaintiff's contentions that defendants failed or refused to investigate plaintiff's allegations do not state cognizable civil rights claims. Thus, for example, plaintiff fails to state a claim against Warden Baughman or counselor Casagrande based on their alleged failure to investigate the October 16, 2016 incident which resulted in plaintiff's lengthy housing in segregated housing. (ECF No. 26 at 35-36.) Plaintiff's claims concerning his psychiatric clinician (named as RN John Doe) (ECF No. 26 at 40) fail for the same reason.

Similarly, allegations concerning false allegations or false reports are also unavailing. It is well settled that making false statements, standing alone, does not violate the United States Constitution. In Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987), the appellate court held that inaccurate information in a prison record did not violate the prisoner's due process rights. Id. at 1318 (the district court "did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not

---

[5] Indeed, the November 17, 2016 hearing took place at a different prison, New Folsom. (ECF No. 26 at 26).

[6] Plaintiff should do so without delay. Plaintiff's § 1983 claims are subject to a four year statute of limitations. The statute of limitations for a § 1983 claim filed in California is two years, and it may be tolled for up to an additional two years for the disability of imprisonment for certain plaintiffs. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code §§ 335.1, 352.1, 357. Plaintiff has been on notice since December 2018 that unrelated claims must be brought in separate § 1983 actions. (ECF No. 19.)

7

deprived of liberty by the presence of the challenged statements."). A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. See Freeman, 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.").

Seventh, as plaintiff was informed in the initial screening order, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). (ECF No. 19 at 5.) Thus, plaintiff cannot state a cognizable civil rights claim based on allegations that prison staff impeded, interfered with, or improperly rejected or decided an administrative grievance.[7]

Accordingly, for all of the above reasons, plaintiff's amended complaint is dismissed.

III. Leave to Amend

As discussed above, plaintiff's amended claims do not arise from the same transaction, occurrence, or series of transactions and occurrences in which all defendants were involved. Plaintiff's improper joinder of his myriad claims cannot be remedied by dismissal of the unrelated claims because his amended pleading is not short and plain, it is unclear whether he can state cognizable claims as to each challenged incident, and it is not clear which claims he wants to

---

[7] Such allegations may become relevant if a defendant raises the affirmative defense of failure to exhaust administrative remedies, but plaintiff cannot state a separate civil rights claim on such basis, and should not include such allegations in his amended pleading, which is to be short and plain as required under Rule 8(a) of the Federal Rules of Civil Procedure.

pursue in this action, and which claims he will choose to pursue in separate lawsuits. See Fed. R. Civ. P. 8(a), 21. However, plaintiff may wish to solely pursue his Eighth Amendment claims against defendants Sander, Wilks, Hilton, Nelson, Penrose, Kennedy, Evens, Knight, and Leu, arising from the October 16, 2016 use of force incident due to the impending statute of limitations.[8] In any event, plaintiff is granted leave to file a second amended complaint in which he raises only those claims arising from the same incident and involving the same defendants.

If plaintiff chooses to amend, plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim against the <u>same defendant</u> based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). As discussed above, unrelated claims against different defendants <u>must</u> be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

<u>George</u>, 507 F.3d at 607; <u>see also</u> Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Also, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the second amended complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the

---

[8] For the same reason, plaintiff may wish to file as soon as possible new actions based on any unrelated claim to avoid any potential statute of limitations issue. As set forth above, such claims are likely subject to a four year statute of limitations. See note 6, infra.

claimed deprivation. Rizzo v. Goode, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his second amended complaint, plaintiff is not required to cite legal authorities or address the issue of exhaustion of administrative remedies.

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41(b) for violation of these instructions.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Moreover, plaintiff is admonished that failure to comply with this court's orders may result in the involuntary dismissal of this action as a sanction. Fed. R. Civ. P. 41(b). Plaintiff should review the court's initial screening order, as well as this order, and file a second amended complaint that complies with such orders. Because this is the court's second effort to obtain plaintiff's compliance in terms of proper joinder, plaintiff is required to file his second amended complaint on the court's complaint form. Plaintiff may append pages explaining his factual allegations about the related defendants, but plaintiff's second amended complaint shall not exceed 15 pages.

IV. Motion to Amend

Plaintiff's amended complaint was entitled "Motion to Amend Complaint." (ECF No. 26 at 1.) Because plaintiff was granted leave to file an amended complaint, no motion to amend was required. Therefore, plaintiff's motion is denied as moot. By this order, plaintiff is again granted leave to amend. Accordingly, plaintiff is not required to file a motion to amend with his second amended complaint.

V. Court Orders

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 26) is dismissed.

2. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case, must be labeled "Second

Amended Complaint." Plaintiff's second amended complaint must be filed on the court's complaint form and shall not exceed fifteen pages.

Failure to file a second amended complaint in accordance with the December 3, 2018 order and the instant order, may result in the dismissal of this action based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).

3. The Clerk of the Court is directed to send plaintiff two copies of the court's form for filing a civil rights complaint by a prisoner.

4. Plaintiff's motion to amend (ECF No. 26 at 1) is denied as moot.

Dated: March 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1227.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN LYNCH, et al.,<br><br>    Defendants. | No. 2:18-cv-1227 KJM KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Second Amended Complaint using the court's form and may not exceed fifteen (15) pages

DATED:

_____
Plaintiff