UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>LYNCH, et al.,<br><br>    Defendants. | No.  2: 18-cv-1227 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court plaintiff's motions for a preliminary injunction. (ECF Nos. 33 & 34.)  For the reasons stated herein, the undersigned orders briefing on plaintiff's motions.

Background

On March 23, 2020, plaintiff's amended complaint was dismissed, and plaintiff was granted sixty days in which to file a second amended complaint.  Thus, no operative pleading is on file, and no defendant has yet been served with process.

Plaintiff states he did not receive the order until April 2, 2020.  (ECF No. 33 at 1.)

Plaintiff's Motions

Plaintiff avers that on March 9, 2020, he was transferred from Kern Valley State Prison ("KVSP") to the California Health Care Facility ("CHCF") initially on a "treat and return" basis.

1

However, plaintiff's primary care physician Dr. Singh at CHCF has advised plaintiff that his return to KVSP depends on plaintiff's health, and may be permanent.  (ECF Nos. 33 at 2; 34 at 2.) Plaintiff has been housed at CHCF since March 9, 2020, and neither his hypertension nor his heart problems have been normalized.  (ECF No. 33 at 2.)  Plaintiff contends his legal property should have been transferred with him, but that it was retained at KVSP receiving and release.  In addition to the deadline set in this case, plaintiff states that he has orders from the Ninth Circuit Court of Appeal and two other civil complaints with fourteen and thirty day deadlines to reply. (ECF No. 33 at 2.)  Plaintiff cannot comply with such deadlines without access to his legal property.  Due to the COVID-19 pandemic, plaintiff has no access to the prison law library.

In addition, plaintiff filed an emergency appeal concerning his legal property on March 10, 2020, but the due date for the administrative appeal response is April 24, 2020.

The All Writs Act

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice."  United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

Discussion

In light of plaintiff's alleged inability to meet court deadlines absent receipt of his legal property, particularly when faced with no access to the prison law library due to the current COVID-19 pandemic, the court directs Supervising Deputy Attorney General Monica Anderson to address plaintiff's motions for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, Supervising Deputy Attorney General Monica Anderson shall address plaintiff's motions for injunctive relief (ECF Nos. 33 & 34) concerning return of his legal materials; and

2

2. The Clerk of the Court is directed to serve this order and a copy of plaintiff's motions (ECF Nos. 33 & 34) on Supervising Deputy Attorney General Monica Anderson.

Dated: April 22, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1227.fb

3